UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | |
| | ) | |
| CORY JERMICHAEL REED | ) | CR NO. 2:05CR139-A |

## ORDER ON MOTION FOR DETENTION

Upon the motion of the United States for detention, requested in the Government's Motion for Detention Hearing (Doc.4, May 27, 2005), and after due consideration of proffers and arguments by counsel at the detention hearing on June 1, 2005, the pre-sentencing report, and all relevant factors, the court concludes, pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f),, that the Motion should be granted, for the reasons herein, and the defendant detained pending trial in this case.

### Part I -- Findings of Fact

As evidenced by the Indictment filed May 25, 2005, there is probable cause to believe that the defendant has committed a drug offense for which a sentence of ten years or more is prescribed. He is charged in the first count with possession of cocaine hydrochloride with intent to distribute, and in count two, with knowingly using and caring a firearm in furtherance of that drug trafficking crime. The Court finds that the defendant's evidentiary proffer and arguments fail to rebut the presumption established by this finding that no condition or combination of conditions will reasonably assure the safety of the community.

### Part II - Written Statement of Reasons for Detention

The Court has duly considered all the evidence relevant to the 18 U.S.C. § 3142(g) factors. Of primary relevance is the defendant's narcotics-related criminal history: while this indictment is based on the same trafficking cocaine charges for which he was arrested on April 28, 2005, by Montgomery County authorities, pending before the Chilton County grand jury are two cases of drug possession arising on February 26, 2005, along with a traffic case with a still-active warrant for driving while suspended. It appears that notwithstanding a suspended driver's license, the defendant has continued to drive and was unlawfully driving, in fact, on the occasions of his drug-related arrests in 2004 and 2005. A drug possession case on which he was arrested on February 22, 2004, by the Pike County Circuit Court was set for trial on April 26, 2005, at which time the defendant was referred to Drug Court; before completing any meaningful time in rehabilitative

therapy, he was arrested on April 28, 2005, on the charges underlying this indictment. When the nature of the present drug offense in considered against the background of the defendant's drug-related criminal history and his admitted continuing use of marijuana and cocaine, the Court is constrained to conclude, supported by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

### Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE this 2nd day of June, 2005.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE