IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | 2:05CR139-A |
| | ) | WO |
| CORY JERMICHAEL REED | ) | |
| | ) | |

## ORDER ON MOTION

Pursuant to the  assigned District Judge's consultation and authorization, the Magistrate Judge now considers Defendant's *Motion for Continuance,* filed on July 12, 2005, along with *Waiver of Speedy Trial Rights* (Doc. 20),  in the context of the Speedy Trial Act, 18 U.S.C.§3161.  Indicted on May 25, 2005, Defendant was  arraigned on June 8, 2005, and counsel at the time concurred with the scheduling on this case on the August 29, 2005 term.  On June 28, 2005, present defense counsel appeared, and his continuance motion recites that the United States does not oppose the requested continuance to the District Judge's next scheduled term.

While the granting of a motion for continuance is left to the sound discretion of the Court, the Speedy Trial Act places limits on that discretion.  *See* 18 U.S.C. § 3161.  Under the Act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later.  18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990).  Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice."  18 U.S.C. § 3161(h)(8)(B)(I).  *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978).  The court also must consider "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  18 U.S.C. § 3161(h)(8)(B)(iv).

Defense counsel has documented pre-existing and irreconcilable conflicts with the scheduled trial date. Moreover, a suppression motion filed on June 30, 2005, cannot be reasonably heard and decided by that date; it has been scheduled for evidentiary hearing on September 16, 2005. Additionally, a continuance until the next scheduled term will provide a more reasonable opportunity for counsel to complete evaluations of trial strategies and to engage in meaningful discussions between defense counsel and government counsel regarding any mutually acceptable alternatives to trial. To facilitate such evaluations, defense counsel just procured the defendant's pre-trial release on July 18, 2005. Absent a continuance of the scheduled trial , defense counsel and government counsel would be denied the reasonable time necessary – taking into account the exercise of due diligence –  for effective trial preparation or other final disposition of this case.

Based upon the foregoing considerations of relevance, the court concludes, pursuant to 18 U.S.C.§3161(h)(8)(A),  that the ends of justice served by continuing this case to the December 5, 2005 term outweigh the best interest of the public and the defendant in a speedy trial. **Accordingly,** Defendant's unopposed ***Motion for Continuance*** **is hereby GRANTED, and the jury selection and trial of this case are continued to the term commencing December 5,  2005, before Senior District Judge W. Harold Albritton.**

Done this 19th  day of July, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED  STATES  MAGISTRATE  JUDGE

2