RECEIVED

2005 AUG 31  P 4: 02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA            *
                                    *
                                    *
VS.                                 *        Case No. 2:05-cr-139-A
                                    *
CORY REED                           *

## MOTION TO DISTRICT COURT REQUESTING REVIEW AND AMENDMENT OF ORDER OF U.S. MAGISTRATE JUDGE GRANTING GOVERNMENT'S MOTION FOR DETENTION OF DEFENDANT PENDING TRIAL

COMES NOW the defendant, Cory Reed, by and through the undersigned counsel, and respectfully requests the Court to review the U.S. Magistrate Judge's Order on Motion For Detention dated June 2, 2005 (doc. #9), granting the Government's motion to detain defendant Reed (copy of order attached), and as grounds shows as follows:

1.      At the detention hearing held June 1, 2005, reference was made to cases that are pending against Mr. Reed in Chilton and Pike counties wherein controlled substances are allegedly involved.

2.      That defendant has only been convicted of one prior case at this time, possession of controlled substance in Lowndes County, Alabama.  This is the defendant's only conviction.

3.      The defendant is charged in Chilton County with a drug charge; however, the District Attorney has advised his attorney in that case, Maurice Bell, that upon the co-defendant's plea of guilty to the possession, the drug charges against Cory Reed will be *nolle prossed*.  The co-defendant was present in the same automobile that was stopped and cocaine was found. Assistant District Attorney Shawn Sibley will confirm the foregoing statement.

4.      The defendant is charged in Pike County with possession of cocaine, and this case has not been adjudicated.  It is anticipated that the defendant will not be taken to trial in that

case, but negotiations are underway with District Attorney, Gary McAlily that will involve no criminal conviction against Mr. Reed.

5.    A copy of the transcript of the detention hearing is on file with the clerk of this court for this court's full review.

6.    Defendant Reed was recently released on pretrial supervision for about a month, and during that period he abided by all conditions of his release and passed all urine screens.

7.    If released again, the defendant has demonstrated that he is not a threat to flee, and that he is not a threat to the community.

8.    At the time of the defendant's arrest he did not have a firearm in his motor vehicle, and no firearm was found on his person.

9.    The only firearms found by law enforcement officers were found by them in rooms in his home where his brother had been present.  The defendant was not in the home when the weapon(s) were found: only defendant Reed's brother was present when the home was entered by law enforcement officers to be searched.  The weapons involved in the search belong to his brother.  The weapons were not the defendant's firearms.

10.    The defendant's right to freedom and to bail before conviction should be protected in this matter and fundamental principles of criminal law and fairness should be closely safeguarded.

11.    Even where the charges of possession of drugs with intent to distribute, the defendant should be granted every presumption of innocence in determining whether to grant bail to him.

WHEREFORE, PREMISES CONSIDERED, defendant, Cory Reed, prays this Honorable Court to set aside the order of detention dated June 2, 2005, and grant him bail for the reasons

set forth above.

_____
BARRY E. TEAGUE, [TEAOO3]
ATTORNEY FOR DEFENDANT

ADDRESS OF COUNSEL:

138 Adams Avenue
Post Office Box 586
Montgomery, AL  36101
(334) 834-4500; FAX 834-4501
email:  *beteague36@aol.com*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been served upon the United States Attorney and any other counsel of record by placing same in the U.S. Mail, postage prepaid and addressed as shown below, this 31st day of August, 2005.

**Hon. Todd Brown**
**Assistant U.S. Attorney**
**Post Office Box 197**
**Montgomery, AL  36101**

_____
BARRY E. TEAGUE

Case 2:05-cr-0013ɔ-WHA-DRB    Document 8    Filed 06/02/2005    Page 1 of 2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**

UNITED STATES OF AMERICA   )
     v.         )
             )
CORY JERMICHAEL REED   )    CR NO. 2:05CR139-A

## ORDER ON MOTION FOR DETENTION

Upon the motion of the United States for detention, requested in the Government's Motion for Detention Hearing (Doc.4, May 27, 2005), and after due consideration of proffers and arguments by counsel at the detention hearing on June 1, 2005, the pre-sentencing report, and all relevant factors, the court concludes, pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f),, that the Motion should be granted, for the reasons herein, and the defendant detained pending trial in this case.

### Part I -- Findings of Fact

As evidenced by the Indictment filed May 25, 2005, there is probable cause to believe that the defendant has committed a drug offense for which a sentence of ten years or more is prescribed. He is charged in the first count with possession of cocaine hydrochloride with intent to distribute, and in count two, with knowingly using and caring a firearm in furtherance of that drug trafficking crime. The Court finds that the defendant's evidentiary proffer and arguments fail to rebut the presumption established by this finding that no condition or combination of conditions will reasonably assure the safety of the community.

### Part II - Written Statement of Reasons for Detention

The Court has duly considered all the evidence relevant to the 18 U.S.C. § 3142(g) factors. Of primary relevance is the defendant's narcotics-related criminal history: while this indictment is based on the same trafficking cocaine charges for which he was arrested on April 28, 2005, by Montgomery County authorities, pending before the Chilton County grand jury are two cases of drug possession arising on February 26, 2005, along with a traffic case with a still-active warrant for driving while suspended. It appears that notwithstanding a suspended driver's license, the defendant has continued to drive and was unlawfully driving, in fact, on the occasions of his drug-related arrests in 2004 and 2005. A drug possession case on which he was arrested on February 22, 2004, by the Pike County Circuit Court was set for trial on April 26, 2005, at which time the defendant was referred to Drug Court; before completing any meaningful time in rehabilitative

Case 2:05-cr-0013  WHA-DRB    Document 9    Filed 06/ /2005    Page 2 of 2

therapy, he was arrested on April 28, 2005, on the charges underlying this indictment. When the nature of the present drug offense in considered against the background of the defendant's drug-related criminal history and his admitted continuing use of marijuana and cocaine, the Court is constrained to conclude, supported by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## Part III - Directions Regarding Detention

Therefore, it is ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.


DONE this 2nd day of June, 2005.


/s/ Delores R. Boyd
_____DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE

2