IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CR. NO: 2:05-CR-0139-A |
| | ) | |
| | ) | |
| CORY JERMICHAEL REED | ) | |

RESPONSE TO SHOW CAUSE ORDER

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to this Court's Order (Doc. 36), directing the United States to show cause why Defendant's ("Reed's") Motion [ ] Requesting Review and Amendment of Order of U.S. Magistrate Judge Granting Government's Motion for Detention of Defendant Pending Trial (Doc. 35) should not be granted, as follows:

1. On May 25, 2005, a federal grand jury seated in this district indicted Reed for possessing cocaine with intent to distribute it and for possessing, using, or carrying a firearm in relation to the cocaine possession charge. (Doc. 1). On June 1, 2005, this Court held a detention hearing, pursuant to the Government's motion, regarding Reed. (Docs. 4, 8-10). At the conclusion of the hearing, Reed was detained, and on June 2, 2005, this Court entered an order to that effect, citing its conclusion that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." (Doc. 10, at p. 2).

2. On June 13, 2005, the undersigned Assistant United States Attorney ("AUSA") received correspondence from Reed, while he was detained at the Montgomery City Jail, that he

wished to cooperate with the United States. This letter was forwarded to Reed's attorney of record, Thomas Goggans, Esq. After Reed retained new counsel, Barry Teague, Esq., a proffer meeting was held at the United States Attorney's Office on July 14, 2005. The undersigned AUSA, Drug Enforcement Special Agent Neill Thompson ("Agent Thompson"), Montgomery Police Department Detective Tommy Conway, Mr. Teague, and Reed attended the proffer session, at which Reed continued to express his desire to cooperate proactively. Based on the details of the information provided by Reed, although the Government expressed great reservation, it was agreed to request the Magistrate Judge release Reed, subject to electronic monitoring, because "exceptional reasons why [Reed's] detention would not be appropriate" existed. See 18 U.S.C. § 3145(c). On June 18, 2005, the Magistrate Judge released Reed, subject to electronic monitoring, pursuant to the Government's Request.

3. For the duration of Reed's release, Reed failed to cooperate or maintain contact in any way with law enforcement agents relating to his agreement to cooperate, despite numerous attempts by Agent Thompson to contact Reed directly and through Mr. Teague. Information developed by Agent Thompson indicated that Reed never intended to cooperate, but only agreed to do so to obtain his release from custody. Therefore, the "exceptional reasons" that existed, and that prompted the Government's request for Reed's release (that being his cooperation with the Government), no longer existed.

4. Accordingly, on August 9, 2005, the United States moved for the revocation of Reed's pretrial release. (Doc. 29). After consideration of the Government's Motion, and Reed's Motion to Amend [the] Conditions of [his] Pretrial Supervision (Doc. 30), the Magistrate Judge ordered that Reed's pretrial release be revoked. (Doc. 32).

5.   Review of the Magistrate Judge's detention order must be *de novo*, although this Court need not conduct a *de novo* hearing.  United States v. Garviria, 828 F.2d 667, 670 (11th Cir. 1987).  A written order affirming, modifying, or reversing the Magistrate Judge's decision should follow.  Id.

6.   Subject to rebuttal by Reed, it is presumed that no condition or combination of conditions will reasonably assure his appearance as required and the safety of the community, as probable cause exists that Reed committed both an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act and an offense under 18 U.S.C. § 924(c).  18 U.S.C. § 3142(e).  Reed failed to rebut that presumption before the Magistrate Judge.  (Doc. 9).

7.   Likewise nothing in the instant motion (Doc. 35) rebuts that presumption.  In Reed's motion, he offers only:

      a.   that his pending Chilton County, Alabama, drug case will be *nolle prossed* once his co-defendant in that case pleads guilty;

      b.   that his pending drug case in Pike County, Alabama, will involve "no criminal conviction" once negotiations in that case are completed;

      c.   that he was released on pretrial release for one month, that he abided by all conditions of his release; and,

      d.   that he did not possess a firearm at the time of his arrest plus Reed did not own the two firearms located at Reed's residence during the execution of a search warrant.

8.   The fact that Reed may negotiate his way out of state narcotics offenses does not rebut the presumption that he should be detained pursuant to 18 U.S.C. § 3142(e).

9.  Reed is disingenuous when he states that when he was released for a month that he abided by all conditions.  Reed completely violated the main condition of his release—which prompted the Government to move for Reed's release in the first place—the exceptional circumstance that he proactively cooperate with the Government.  The fact that Reed utterly failed to comply with this requirement, combined with his attempts to have his electronic monitor removed while on pretrial release (Doc. 30), along with his failure to comply with conditions of release in his pending state court matters (e.g., failing to complete drug court requirements, driving using a suspended license, committing the instant offense while on bond, and admitted use of cocaine and marijuana) fully support that Reed remains a flight risk.

10.  Finally, the issue of firearms possession by Reed is without merit.  Notwithstanding Reed's claims that he did not own any of the firearms recovered in relation to this case, Reed is in fact charged with possessing, using, or carrying a firearm in connection with his drug charges. (Doc. 1).  In addition, the ownership of the two firearms located in his residence is irrelevant to whether Reed could use those weapons, thus posing a danger to the community.  Reed admittedly fired a firearm during an altercation with a female acquaintance of his.  Plus, firearms are not the only danger to the community that Reed poses.  Reed is a drug dealer, which, in and of itself, poses a danger to the community.  See United States v. Cruz, 805 F.2d 1464, 1472 (11th Cir.), 18 U.S.C. 3142(g)(1).  And, he admits to using cocaine and marijuana, both of which impair his ability to make sound decisions, including, but not limited to, driving, for which his privilege to do so has been suspended.  See 18 U.S.C. 3142(g)(3)(A).

11.  Accordingly, as Reed has failed to rebut the presumption that he be detained, both at his detention hearing, and in the instant motion, the United States respectfully requests this Court

deny Reed's motion, adopt the findings of the Magistrate Judge, and detain Reed pending trial,

pursuant to 18 U.S.C. § 3142(e).

Respectfully submitted this 9th day of September, 2005.

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **CR. NO: 2:05-CR-0139-A** |
| | **)** | |
| **CORY JERMICHAEL REED** | **)** | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Barry E. Teague, Esq..

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Todd A. Brown
TODD A. BROWN
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
(334) 223-7280
(334) 223-7135 fax
ASB-1901-O64T
Todd.Brown@usdoj.gov