IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | |
| ) | |
| ) | |
| v.   ) | CR. NO: 2:05-CR-0139-A |
| ) | |
| ) | |
| CORY JERMICHAEL REED   ) | |

### RESPONSE TO MOTION TO SUPPRESS

**COMES NOW** the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and files the instant response to Defendant's ("Reed's") Motion to Suppress. In support thereof, the Government offers:

### FACTS

1. On April 28, 2005, at approximately 9:40 am, Montgomery Police Department ("MPD") Detective Tommy Conway obtained a search warrant from Montgomery Municipal Judge Troy Massey for Reed's residence on Fairlane Drive in Montgomery, Alabama. Ealier that morning, at approximately 8:00 am, officers with MPD, the Drug Enforcement Administration ("DEA"), the Alabama Bureau of Investigation ("ABI"), and other law enforcement agencies began surveillance of Reed's residence. At approximately 9:50 am, DEA Special Agent Neill Thompson observed Reed and Darrell Hayes ("Hayes"), exit the residence, enter a Chevrolet Tahoe and drive away from the residence.

2. Task Force Officer Joe Herman followed the Tahoe and after Detective Conway had obtained the search warrant, he notified a marked MPD unit to conduct a traffic stop on the Tahoe. At approximately 10:00 am, officers stopped Reed's Tahoe. Detective Conway was present at the stop and deployed his drug canine on the Tahoe. The dog alerted on the Tahoe's console, where cocaine was

later found. Conway patted Reed down and found approximately $2,590 in cash.

3. At approximately 10:30 am, officers executed the search warrant at Reed's residence. Ultimately, officers found cocaine, digital scales, two firearms, paraphernalia, and other paperwork of evidentiary value.

4. Officers transported Reed to MPD's Special Operations division where they advised him of his Miranda rights. Reed stated that he had purchased one of the seized firearms (the .45 caliber pistol) at a gunshow and that he had fired it during a domestic disturbance with an ex-girlfriend.

## ISSUES

5. As best as the Government can ascertain, Reed maintains:

    a. Evidence seized from the Tahoe should be suppressed because it was the product of a warrantless search;

    b. Evidence seized from the residence should be suppressed because there was insufficient probable cause to support it, in that:

        (1) Information from source "A" was stale; and,

        (2) Source "B" was not a "reliable" informant; and,

    c. Statements by Reed should be suppressed because he was not advised of his Miranda rights.

## DISCUSSION

6. The search of the Tahoe was encompassed by the search warrant that Detective Conway obtained. The search warrant specifically includes "all vehicles...at the residence." At 9:40, the time the search warrant was issued, the Tahoe was at the residence. It was not until 10 minutes later that

Reed drove away in the vehicle. Thus, the vehicle was located at the residence at the time the search warrant was signed and was encompassed by it. Fed. R. Crim. P. 41 (valid warrants based upon probable cause, supported by oath, and describing items to be searched and seized). Even if not covered by the search warrant, Detective Conway had a good faith to believe that it did, thus he was authorized to search the vehicle. United States v Leon, 468 U.S. 897 (1984).

7. Source A's information which was included in the warrant was not stale and provided little more than background information for Judge Massey. United States v. Harris, 20 F.3d 445 (11th Cir. 1994) (no talismanic rule establishing arbitrary time limitations for presenting information). The primary source of the information leading to the search warrant was from Source B, including information that B observed cocaine in Reed's residence. Contrary to Reed's contention, the affidavit does qualify B as a reliable informant when it states:

> "'A' and 'B' in this case has provided information to the Montgomery Police Department's Special Operation Division in numerous cases. The confidential and reliable informant's (sic) assistance has resulted in the seizure [of] Cocaine, Marijuana, Weapons and U.S. Currency. There has been several arrest warrants and search warrants served as a result of his/her assistance."

(Search Warrant Affidavit, attachment to Reed's Motion). See United States v. Brundidge, 170 F.3d 1350, 1353 (11th Cir. 1999) (validating search warrants where affidavits establish information from informant to police in the past had been found to be truthful and reliable).

8. Contrary to Reed's contention, he was advised of his Miranda rights prior to giving any statements. Reed has not provided any further argument which would establish that his statements were not voluntary. Thus, Reed's statements are not due to be suppressed. See Miranda v. Arizona, 384 U.S. 436 (1966) (establishing procedure of advising a person in a custodial interrogation setting of their Fifth Amendment rights); and, Schneckloth v. Bustamonte, 412 U.S. 218 (1973) (voluntariness of confession based on totality of circumstances).

## **CONCLUSION**

9. As Reed's contentions are either factually incorrect, or are without merit, the United States respectfully requests this Court deny his motion.

Respectfully submitted this 12th day of September, 2005.

          LEURA GARRETT CANARY
          UNITED STATES ATTORNEY

          /s/ Todd A. Brown
          TODD A. BROWN
          Assistant United States Attorney
          Post Office Box 197
          Montgomery, Alabama 36101-0197
          (334) 223-7280
          (334) 223-7135 fax
          ASB-1901-O64T
          Todd.Brown@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO: 2:05-CR-0139-A |
| | ) | |
| **CORY JERMICHAEL REED** | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Barry E. Teague, Esq..

        Respectfully submitted,

        LEURA GARRETT CANARY
        UNITED STATES ATTORNEY

        /s/ Todd A. Brown
        TODD A. BROWN
        Assistant United States Attorney
        Post Office Box 197
        Montgomery, Alabama 36101-0197
        (334) 223-7280
        (334) 223-7135 fax
        ASB-1901-O64T
        Todd.Brown@usdoj.gov