IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, __NORTHERN__ DIVISION

HON. __Delores Boyd__ MAG. JUDGE AT __Montgomery__, ALABAMA

DATE COMMENCED __9-16-2005__ AT _10:01_ (A.M.)/P.M.

DATE COMPLETED __9-16-2005__ AT _11:34_ (A.M.)/P.M.

UNITED STATES OF AMERICA )
)
vs. )
) (Criminal    Case No. 2:05cr139-A
CORY JERMICHAEL REED )
) (CIVIL)
)
)

| PLAINTIFF/GOVERNMENT | DEFENDANT |
|---|---|
| Todd Brown | Barry Teague |

**COURT OFFICIALS PRESENT**

S. Q. Long, Jr., Clerk            Michele Dearing, Law Clerk
Jimmy Dickens, Reporter

**PROCEEDINGS**

( ) NON-JURY TRIAL
(X) OTHER PROCEEDING: __HEARING ON DEFT'S MOTION TO SUPPRESS__

10:01 am: Court convenes.
10:08 am: Testimony begins. Exhibits offered and admitted.
11:34 am: Court is recessed.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, ___NORTHERN___ DIVISION

UNITED STATES OF AMERICA　　*
　　　　　　　　　　　　　　*
VS.　　　　　　　　　　　　*　　CR. NO. __2:05cr139-A__
　　　　　　　　　　　　　　*
CORY JERMICHAEL REED　　　 *
　　　　　　　　　　　　　　*

## WITNESS LIST

| GOVERNMENT | DEFENDANT |
|---|---|
| 1. J.T. Conway | 1. |
| 2. Neill Thompson | 2. |
| 3. | 3. |
| 4. | 4. |
| 5. | 5. |
| 6. | 6. |
| 7. | 7. |
| 8. | 8. |
| 9. | 9. |
| 10. | 10. |
| 11. | 11. |
| 12. | 12. |
| 13. | 13. |
| 14. | 14. |
| 15. | 15. |
| 16. | 16. |
| 17. | 17. |

**Deft. EXHIBITS**

U.S.A.
vs.
CORY REED
CASE NO. 2:05-CR-139-A

| ADMITTED | DATE OFFERED | DATE IDENTIFIED | NO | WITNESS | OBJ | DESCRIPTION |
|---|---|---|---|---|---|---|
| Yes | 9-16-05 | 9-16-05 | | DEF SX-1 | | Search Warrant & Affidavit |
| Yes | " | " | | DX-2 | | DEA-6 AGT Thompson |
| | | | | DX-3 | | "PROBABLE CAUSE" |
| Yes | 9-16-05 | 9-16-05 | | DX-4 | | DEA LETTER |

*"No Knock"*
W/M

# SEARCH WARRANT

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )
CITY OF MONTGOMERY )

**TO ANY SHERIFF, DEPUTY, MUNICIPAL OFFICER OR CHIEF OF POLICE:**

Proof of affidavits which are attached hereto and incorporated by reference, having been made this day before me, by Corporal J. T. Conway with the Special Operations Division, Narcotics and Intelligence Bureau of the Montgomery Police Department, Montgomery, Alabama. You are hereby commanded to make immediate search of the premises of:

**40 Fairlane Drive, Montgomery, Alabama, and any vehicles and outbuildings at the residence.**

For the following property: controlled substances, controlled substance paraphernalia, drug related documents, monies, drug records, and any items listed in Attachment I. If you find the same or any part thereof, to bring it forthwith before me, at my office at Municipal Court, Montgomery County, Alabama; or if the said warrant is issued for violations of a state law, return the same to any State Court.

Dated this 28TH day of April, 2005.

W.M.
_____
Judge, Municipal Court
City of Montgomery
Montgomery, Alabama

48

## AFFIDAVIT IN SUPPORT OF A
## SEARCH WARRANT
## NO KNOCK SEARCH WARRANT

CITY OF MONTGOMERY
COUNTY OF MONTGOMERY
STATE OF ALABAMA

I, Corporal J. T. Conway, state the following is true and correct:

I am a duly authorized Police Officer for the City of Montgomery. I have been employed as a Police Officer for 17 years and have spent the last 12 years in the Narcotics Bureau. I have reason to believe and do believe that controlled substances, are being kept, stored and/or sold from within 40 Fairlane Drive, Montgomery, Alabama. The controlled substances are possibly being kept, stored and/or sold by a black male, Corey Reed, AKA C-Murder. This is in violation of the Code of Alabama 1975, Section 13A-12-211 and 231. Probable cause for this search warrant is as follows:

On February 10, 2004, Corey Reed AKA C-Murder showed a confidential and reliable informant hereinafter referred to as "A", a ¼ kilogram of cocaine and $20,000.00 in U. S. Currency. This meeting was at a studio located at the corner of Ann Street and Third Street, Montgomery, Alabama.

During the month of April 2005 a confidential and reliable informant, hereinafter referred to as "B", advised Corporal J. T. Conway that C-Murder was distributing large quantities of cocaine from 40 Fairlane Drive, Montgomery, Alabama.

The same "B" advised that C-Murder is being supplied cocaine by a black male known only as AKA Bam-Bam. The informant advised that Bam-Bam lives in Atlanta and delivers the cocaine to Montgomery, Alabama.

A subpoena was served for the utility records at 40 Fairlane Drive, Montgomery, Alabama. The subpoena revealed that Cory Reed started receiving service at that residence on or about February 15, 2005.

The "B" advised Corporal Conway that on April 28, 2005, Bam-Bam was going to deliver a quantity of cocaine to C-Murder. The informant advised that the cocaine was going to be delivered to 40 Fairlane Drive, Montgomery, Alabama.

45

On April 28, 2005, "B" informant called Corporal Conway and advised that he/she had just left 40 Fairlane Drive, Montgomery, Alabama and that he/she observed a large quantity of cocaine inside the residence. The informant advised that he/she did not know how much cocaine was there but that it was more than 2 kilograms of cocaine. The informant advised that the cocaine was packaged in zip-lock bags.

Probable cause for a "No Knock" Search Warrant is that the confidential and reliable informant advised Corporal Conway that C-Murder's brother was staying at the residence with him and that C-Murders brother was armed with an assault rifle.

"A" and "B" in this case has provided information to the Montgomery Police Department's Special Operations Division in numerous cases. The confidential and reliable informant's assistance has resulted in the seizure Cocaine, Marijuana, Weapons and U. S. Currency. There has been several arrest warrants and search warrants served as a result of his/her assistance.

This information is based on my experience and the experience and assistance of other law enforcement officers and is made for the purpose of securing a No Knock Search Warrant for 40 Fairlane Drive, Montgomery, Alabama, for cocaine, marijuana and any other controlled substances, to include: drug paraphernalia, drug monies, documents, and any items listed in attachment I.

Sworn before and subscribed to by me _W. T. Ray Massey_____, Judge of the Municipal Court of Montgomery, Alabama on April 28, 2005.

_____          _____
Corporal J. T. Conway, ID #258            Municipal Court Judge
Montgomery Police Department              Municipal Court
Montgomery, Alabama                       Montgomery, Alabama

46

## ATTACHMENT I

1. Controlled, dangerous substances and related paraphernalia.

2. Books, records, receipts, notes, ledgers, and other papers relating to the transportation, ordering, purchase and distribution of controlled substances.

3. Papers, tickets, notes, schedules, receipts, and other items relating to domestic and international travel.

4. Books, records, receipts, bank statements and records, money drafts, letters of credit, money order and cashier's checks, receipts, pass books, bank checks, safe deposit box keys, and other items evidence of the obtaining, secreting, transfer, concealment and/or the proceeds of illegal drug trafficking.

5. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds in amounts indicative of the proceeds of illegal drug trafficking.

6. Photographs, in particular, photographs of co-conspirators, of assets and/or controlled substances.

7. Receipts for items evidencing the expenditure of the proceeds of drug distribution, including, but not limited to, clothing, furniture and electronic equipment.

8. Paraphernalia for packaging, cutting, weighing, and distributing controlled substances, including, but not limited to, scales, baggies, spoons, walkie-talkies, CB's, night vision devices, police scanners, binoculars and parabolic microphones.

9. Indicia of occupancy, residency, and/or ownership of the premises, including, but not limited to, utility and telephone bills, keys and cancelled envelopes.

10. Firearms

11. Computers, disks, CD's, including, but not limited to, items used to store or transmit materials, recipes or proceeds used in the manufacture, distribution or possession of illegal drugs.

47

**U.S. Department of Justice**
**Drug Enforcement Administration**

# REPORT OF INVESTIGATION

Page 1 of 8

| 1. Program Code | 2. Cross File  Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|
| HID100 | ☒ [redacted] | [redacted] | [redacted] |
| 5. By: SA NEILL THOMPSON  At: MONTGOMERY, AL | | 6. File Title  REED, Cory | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | | 8. Date Prepared  05/02/05 | |

9. Other Officers: See Witness List

10. Report Re: Arrest of Cory REED, Darrell HAYES, and Alphonzo REED and the Seizure of Exhibits 1 through 7 and N-1 through N-12 on April 28, 2005 (A)

**SYNOPSIS**

On April 28, 2005 a search warrant was executed at Cory REED'S residence located at 40 Fairlane Drive, Montgomery, Alabama. Suspected cocaine, firearms, and currency were found and seized and REED and others were arrested on Alabama state charges.

**DETAILS**

1. Reference is made to all other previous Reports of Investigation written to this same case file title and number.

2. On April 28, 2005 Montgomery Police Department Detective Tommy Conway submitted a sworn affidavit to Montgomery City Municipal Court Judge Troy Massey, requesting that a search warrant be issued for Cory REED'S residence at 40 Fairlane Drive, Montgomery, Alabama. Judge Massey issued the warrant at approximately 9:55 AM.

3. At approximately 8:00 AM, SA Neill Thompson and IA Andy Cotton established surveillance at 40 Fairlane Drive in anticipation of the execution of the warrant. At approximately 9:00 AM, SA Thompson observed a white sedan bearing Alabama license 51B960F and occupied by a black male driver, enter the driveway of the residence. Alabama license 51B960F is assigned to a 2000 Nissan Maxima, registered to Minnie or Tyrus ANDREWS in Repton, Alabama. At approximately 9:10 AM

| 11. Distribution:  Division  District  Other   SARI | 12. Signature (Agent)  SA NEILL THOMPSON | 13. Date  5/11/05 |
|---|---|---|
| | 14. Approved (Name and Title)  MARSHALL SIMONS  GROUP SUPERVISOR | 15. Date  5/11/05 |

DEA Form - 6  
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

NT, ARREST OF CORY REED  
1 - Prosecutor

This report is the property of the Drug Enforcement Administration.  
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

| | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| **REPORT OF INVESTIGATION** (Continuation) | ███████ | ██████ |
| | 3. File Title REED, Cory | |
| 4. Page 2 of 8 | | |
| 5. Program Code HID100 | 6. Date Prepared 05/02/05 | |

SA Thompson observed the Mitsubishi leave the residence and travel north on Fairlane Drive.

4. At approximately 9:30 AM SA Thompson and IA Cotton observed a black male exit the residence and place a garbage bag in the trash can that was on the curve. At approximately 9:50 AM SA Thompson and IA Cotton observed two subjects, later identified as Cory REED and Darrell HAYES, exit the residence and go to the gate on the privacy fence located off of the driveway. SA Thompson observed REED open the gate and drive a Chevrolet Tahoe that was parked in the backyard, to the driveway. The Tahoe displayed Alabama license plate A3C27, which is assigned to a 2002 Chevrolet Tahoe, registered to Edmund MCCALL at 2736 Ivy Chase Loop, Montgomery, Alabama.

5. SA Thompson and IA Cotton observed the Tahoe leave the residence with REED driving and HAYES as the passenger. TFO Joe Herman followed the Tahoe to the BP gas station located on the Southern Boulevard near Montgomery Mall. At the BP Station Detective Conway summoned a marked Montgomery Police Department unit to execute a traffic stop on the Chevrolet Tahoe. At approximately 10:00 AM Officers Glenn Farmer and Brian Adams approached REED and HAYES. Also present were Detective Conway and TFO Joe Herman. REED was advised of the search warrant for his residence and he and HAYES were secured. Detective Conway utilized a trained narcotics detection canine (NDC)-"Luke" in a search of the vehicle. "Luke" indicated on the center console of the truck, and a search by Detective Conway resulted in the seizure of approximately four and one half ounces of suspected cocaine. The suspected cocaine was subsequently marked and entered as Exhibit 1.

6. Detective Conway searched REED'S pants pocket and cash totaling $2,590.00. The cash was subsequently administratively seized as Exhibit N-1.

7. Detective Conway searched HAYES' pants pockets and found and seized a small plastic bag containing approximately one gram of suspected cocaine, subsequently marked and entered as Exhibit 2.

DEA Form - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

12

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF INVESTIGATION
*(Continuation)*

| 1. File No. | 2. G-DEP Identifier |
|---|---|
| ███████ | ███ |

| 3. File Title |
|---|
| REED, Cory |

4. Page 3 of 8

| 5. Program Code | 6. Date Prepared |
|---|---|
| HID100 | 05/02/05 |

8. REED and HAYES were secured and transported back to 40 Fairlane Drive.

9. At approximately 10:30 PM the search warrant was executed at the residence. Sgt. Mike Drummond knocked on the front door and announced "Police-search warrant!" Sgt. Drummond observed a black male, later identified as Alphonzo REED, looking out of the window to the right of the front door. After approximately 20 seconds, REED opened the door and officers entered the residence. REED was secured and no one else was present at the residence.

10. A search was begun by all officers present. SA Thompson found and seized several items of evidence in the first bedroom on the right. In the entertainment center located on the wall past the closet SA Thompson found and seized a red nylon bag that contained three plastic bags of suspected cocaine. The bags appeared to be divided into one bag that contained approximately one-quarter kilogram and two bags that contained one ounce each. The red nylon bag and plastic bags were subsequently marked and entered as Exhibit 3.

11. SA Thompson also found and seized two sets of digital scales in the entertainment center. The scales, both of which had a large amount of white residue, were subsequently marked and entered as Exhibits 4 and 5. Additional evidence seized from the entertainment center included: one box of Winchester .40 caliber rounds, one box of Remington .45 caliber rounds (Exhibit N-5), a photograph of REED and other subjects (Exhibit N-7), and assorted paper documents in REED'S name (Exhibit N-10).

12. SA Thompson also found and seized a spiral notebook containing handwritten notes (Exhibit N-6) from the top shelf of the closet. Detective Conway seized an Alabama temporary driver's license assigned to Cory REED, in the 2nd bedroom on the east (right side of the hallway). The driver's license was subsequently marked and entered as Exhibit N-8.

13. SA Thompson found and seized two handguns: a Smith and Wesson .40 caliber pistol, serial number PBM 7735, and a Taurus .45 caliber

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

1 - Prosecutor

13

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**

Alphonzo Reed
120 Old Letohatchee Road
Hayneville, AL 36040-2740

| | |
|---|---|
| Asset Id: | 05-DEA-451622 |
| Case Number: | KI-05-0039 |
| Property: | Taurus 45 caliber handgun |
| Serial Number: | NXA43857 |
| Asset Value: | $250.00 |
| Seizure Date: | 04/28/05 |
| Seizure Place: | Montgomery, AL |
| Owner Name: | Reed, Cory |
| Seized From: | Reed, Cory |
| Judicial District: | Middle District of Alabama |

**NOTICE MAILING DATE:** June 15, 2005

### NOTICE OF SEIZURE

The above-described property was seized by Special Agents of the Drug Enforcement Administration (DEA) for forfeiture pursuant to Title 21, United States Code (U.S.C.), Section 881, because the property was used or acquired as a result of a violation of the Controlled Substances Act (Title 21, U.S.C., Sections 801 et seq.). The seizure date and place, as well as other pertinent information regarding the property are listed above.

Pursuant to Title 18, U.S.C., Section 983 and Title 19, U.S.C., Sections 1602-1619, procedures to administratively forfeit this property are underway. You may petition the DEA for return of the property or your interest in the property (remission or mitigation), and/or you may contest the seizure and forfeiture of the property in Federal court. You should review the following procedures very carefully.

### TO REQUEST REMISSION OR MITIGATION OF FORFEITURE

If you want to request the remission (**pardon**) or mitigation of the forfeiture, you must file a petition for remission or mitigation with the Forfeiture Counsel of the DEA within thirty (**30**) days of your receipt of this notice. The petition must include proof of your interest in the property and state the facts and circumstances which you believe justify remission or mitigation. The regulations governing the petition process are set forth in Title 28, Code of Federal Regulations, Part 9.

### TO CONTEST THE FORFEITURE

In addition to, or in lieu of petitioning for remission or mitigation, you may contest the forfeiture of the seized property in UNITED STATES DISTRICT COURT. To do so, you must file a claim with the Forfeiture Counsel of the DEA by **July 20, 2005**. The claim need not be made in any particular form (Title 18, U.S.C., Section 983(a)(2)(D)). The claim shall identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury (Title 18, U.S.C., Section 983(a)(2)(C)). A frivolous claim may subject the claimant to a civil fine in an amount equal to ten (10) percent of the value of the forfeited property, but in no event will the fine be less than $250 or greater than $5,000 (Title 18, U.S.C., Section 983(h)). Upon the filing of a claim under Title 18, U.S.C., Section 983(a), a claimant may request, pursuant to Section 983(f), release of the seized property during the pendency of the forfeiture proceeding due to hardship. Requests must be sent to the Forfeiture Counsel of the DEA. The following property is not eligible for hardship release: contraband, currency, or other monetary instruments or electronic funds unless the property constitutes the assets of a legitimate business which has been seized; property to be used as evidence of a violation of the law; property, by reason of design or other characteristic, particularly suited for use in illegal activities; and property likely to be used to commit additional criminal acts if returned to the claimant. If you wish to contest the forfeiture of the asset, you must comply with the procedures set forth herein. Your failure to do so will result in the termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding - either civil or criminal - even if such a proceeding has already been commenced or is commenced in the future.

### WHERE TO FILE CORRESPONDENCE

All submissions must be filed with the Forfeiture Counsel, Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, HQs Forfeiture Response, P.O. Box 1475, Quantico, Virginia 22134-1475. Correspondence sent via private delivery must be sent to Asset Forfeiture Section, Office of Operations Management, Drug Enforcement Administration, 2401 Jefferson Davis Highway, Alexandria, Virginia 22301. A PETITION, CLAIM, OR OTHER CORRESPONDENCE WILL BE DEEMED FILED WHEN ACTUALLY RECEIVED BY THE DEA ASSET FORFEITURE SECTION IN ARLINGTON, VIRGINIA. SUBMISSIONS BY FACSIMILE OR OTHER ELECTRONIC MEANS WILL NOT BE ACCEPTED. The Asset Id referenced above should be us████████████ Failure to include the Asset ID may cause a delay in processing your submission(s).