IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| VS. | *    Case No. 2:05-CR-139-A |
| | * |
| CORY REED | * |

### DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY THE MOTION TO SUPPRESS

COMES NOW the defendant, by and through his undersigned counsel, Barry Teague, and files his objections to the Report and Recommendation of the Hon. Delores Boyd, U.S. Magistrate Judge as follows:

#### Warrantless Search of Defendant's Motor Vehicle

The defendant's motion to suppress set forth facts that were proven at the hearing before the U.S. Magistrate Judge. These facts included a showing that the law enforcement agent's own investigative memos and reports reflect the defendant's vehicle was stopped actually **before** the search warrant authorizing the search of the residence at 40 Fairlane Drive, Montgomery, Alabama had been obtained from the Municipal Court Judge. The defense placed all of these investigative memos of D.E.A. Special Agent Neil Thompson before the Magistrate Judge at the hearing as defense exhibits. A review of these exhibits clearly show that if the memos are accurate, the search of the vehicle was performed before Agent Tommy Conway acquired the search warrant in question.

The U.S. Magistrate Judge filed a recommendation that the motion to suppress be denied. In discussing this issue the Judge did not address any of the evidence set forth showing the conflict in times. This conflict concerning the facts as to whether the officers had the warrant

at the time of the vehicle stop is not touched upon in the Magistrates Recommendation. Rather, the Judge assumes that the officers already had the warrant when the stop occured. The Magistrate Judge cites as authority the unreported decision of *United States v. Sears, No. 04-13286, 2005 WL 1427509* (11th Cir. June 20, 2005). The facts in *Sears* show that the police *already had* the search warrant at the time of the stop of Sears' vehicle. In the case at bar, the investigative memos (the defense exhibits) reflect that the law enforcement agents *had not yet acquired* the search warrant for defendant Reed's residence.

The defendant insists that the vehicle stop was invalid because the agents had not yet obtained the warrant at the time of the stop, and the court should exclude any evidence seized pursuant to the exclusionary rule. *Weeks v. United States, 232 U.S. 383, 391-93, 34 S.Ct. 341, 58 L.Ed. 652 (1914); United States v. Terzado-Madruga, 897 F.2d 1099, 1112 (11th Cir. 1990); Nardone v. United States, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Wong Sun v. United States, 371 U.S. 471, 484, 9 L.Ed2d 441, 453, 83 S.Ct. 407 (1963).*

WHEREFORE, defendant prays this Honorable Court to reject the Report and Recommendation of the Magistrate Judge, and grant the defendant's motion to suppress to the extent of the objection set forth above.

_____
BARRY E. TEAGUE, [TEA003]
ATTORNEY FOR DEFENDANT

ADDRESS OF COUNSEL:

Barry Teague, Esq.
138 Adams Avenue
Post Office Box 586
Montgomery, AL  36101
(334) 834-4500; FAX 834-4501

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document has been served upon the United States Attorney and any other counsel of record by placing same in the U.S. Mail, postage prepaid and addressed as shown below, this 17th day of November, 2005.

**Hon. Todd Brown
Assistant U.S. Attorney
Post Office Box 197
Montgomery, AL  36101**

_____
BARRY E. TEAGUE