IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | CR. NO. 2:05cr139-A |
| CORY JERMICHAEL REED | ) | |

**ORDER**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #41), recommending that the Defendant's Motion to Suppress be denied, together with Defendant's Objection thereto (Doc. #42).

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered her recommendation. In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing, examining the exhibits, and fully considering the objections of the Defendant.[1]

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680, 100 S.Ct. 2406 (1980). It has been noted that "[I]mplicit in *Raddatz* is a recognition that the credibility findings of a magistrate, who personally observed and listened to the testimony of live witnesses, may be

---

[1] *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990) ("Thus, although *de novo* review does not require a new hearing of witness testimony, it does require independent consideration of factual issues based on the record. If the magistrate makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings.")

accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence." *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D.Del. 1984); see also *Buckley v. McGraw-Hill, Inc.*, 762 F.Supp. 430, 435 (D.N.H. 1991).

After reviewing the record and reading the transcript of the evidentiary hearing, the court makes an independent factual determination and agrees with the Magistrate Judge's credibility assessments.

The court finds no reason to question the findings of the Magistrate Judge or to order a new evidentiary hearing to take additional evidence. See *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983), cert. denied, *Wescott v. U.S.*, 463 U.S. 1212, 103 S.Ct. 3548 (1983) [2]; *United States v. Cofield*, 2001WL1422144 (11th Cir. 2001).[3]

Defendant's sole objection is that the evidence did not establish that the agents had obtained a search warrant for the Defendant's house at the time they stopped the Defendant and searched his car. The basis for this is the contention that the agents' own investigative memos and reports reflect that the vehicle was stopped before the search warrant was issued.

The Recommendation rests principally on an evidentiary finding that officers had notice of an *issued* search warrant for Defendant's residence before stopping him after observing him driving away from the residence. Defendant's Objection argues that the Magistrate Judge "did not address" "facts . . . proven at the hearing [which included] a showing that the law

---

[2] "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination." *Id.*

[3] "In *United States v. Raddatz* (citation omitted), the Supreme Court held that a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings."

enforcement agent's own investigative memos and reports reflect the Defendant's vehicle was stopped actually **before** the search warrant . . . . had been obtained . . ." Counsel fails to buttress the argument by delineating the supporting portions of the "investigative memos and reports" being referenced; instead, he simply claims that "the Judge assumes that the officers already had the warrant when the stop occurred."

The Magistrate Judge based her findings on testimonial and documentary evidence, including the referenced "investigative memos and reports" of Agent Neill Thompson (Def.'s Ex.2), who testified on direct and cross-examination about the report he prepared. It is disingenuous for counsel to seize upon the written reports as evidence of "conflict in times" when the preparer of the report testified sufficiently for a fact finder to discern the absence of material conflicts. The Recommendation sets forth the factual findings in chronological sequence and finds as a *first* occurrence the issuance of a search warrant and notice thereof from Detective Conway to Agent Thompson:

> Judge Massey issued a warrant to "search...the premises of 40 Fairlane Drive, Montgomery, Alabama, and any vehicles and outbuildings at the residence." The warrant did not specify the time of issuance, but Det. Conway went to his vehicle promptly for a phoned report to Agent Thompson that he had the warrant in hand.

Recommendation at 3. The Recommendation specified "three undisputed evidentiary facts" to guide analysis of the warrantless stop and search of Reed's Tahoe before execution of the search warrant at his house:

> (1) the warrant authorized the search of "any vehicles...at the residence;" (2) after notice of the signing of a search warrant for the house, officers monitoring the house observed Reed driving the Tahoe from its parked place in the backyard of the residence; (3) officers stopped and searched the Tahoe away from the residence and in the absence of any traffic violation by Reed or any warrant for his arrest.

3

Recommendation at 8.

Finally, the Recommendation is undergirded on this finding (like the others, not challenged by Defendant except in conclusory denials):

> Unquestionably, narcotics officers were preparing to execute at Reed's house the valid search warrant secured by Det. Conway, whom upon notice of Reeds' departure, promptly summoned an MPD unit "in hopes of stopping the Tahoe before it left the yard. However, Reed "left,...drove down Fairlane and got out onto the Boulevard before [the officers] could get him stopped." (Citing Tr. at 12). The evidentiary record supports a finding that the officers stopped Reed in his car as soon as practicable after he departed his house, and given the valid search warrant for its search, *Michigan v. Summers* affirms the legality of the stop intended to keep him at the premises during the search.

Recommendation at 10.

The evidence fully justified the Magistrate Judge's factual findings in this regard, and there is no merit to the objection.

It is hereby ORDERED as follows:

1. The Objection is OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. Defendant's Motion to Suppress is DENIED.

DONE this 18th day of November, 2005.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE